# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **I.D.: 1710006739** |
| v. | ) | |
| | ) | |
| ERIC LLOYD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT'S MOTION TO CORRECT LEGAL SENTENCE

Having considered Defendant's Motion to Correct Illegal Sentence, the State's response, and the Court's review of the appropriate portions of the record, it appears to the Court that:

1.    On October 18, 2019 the Defendant was found guilty and subsequently sentenced as follows:

| ID No. | Charge | Sentence |
|---|---|---|
| IN19-04-1252 | RACKETEERING (F) | 25 years L5; pursuant to 11 Del.C. 4204(k), the L5 shall be served without benefit of any form of early release |
| IN19-04-1257 | CONSP. 2ND (F) | 1 year L5 suspended for 1 year at L3 |
| IN19-04-1265 | MONEY LAUNDER | 1 year L5 suspended for 1 year at L3 |
| IN19-04-1259 | DEFEAT TAX (F) | 5 years L5; pursuant to 11 Del. C. 4204(K); the L5 shall be served without benefit of any form of early release. |

2.    Defendant has filed a motion pursuant to Superior Court Rule 35 to correct what he calls is an illegal sentence focusing on that portion of the sentence

where the Sentencing Judge attached the 11 *Del.C.* §4204(k) designation to the sentences for Racketeering and Tax Offence. Where §4204(k) is imposed, the sentence is served without the benefit of any form of early release. The Sentencing Judge did in fact attach this designation to those two charges. The 2019 SENTAC Benchbook provides that, for sentences of incarceration where Section 4204(k) is imposed, the 'reason for the departure must be stated on the record and included in the sentencing order." According to Defendant the sentencing judge did not comply with SENTAC by failing to state the reason for the imposition of section 4204(k) or by stating the reason for the imposition of the sentence in the sentencing order.

3. Pursuant to *Superior Court Criminal Rule 35(a)*, the court may "correct an illegal sentencing at any time and may correct a sentence imposed in an illegal manner within [90 days after the sentence is imposed].[1] Rule 35(a) provides a narrow function to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[2] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute,

---

[1] *Super. Ct. Crim. R.* 35(b).
[2] *Edward Brittingham, v. State of Delaware*, 705 A.2d 577, 578 (Del. 1998).

2

is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

    4.    In the direct appeal of his case the Defendant raised an issue regarding his sentence maintaining that thirty years of incarceration without the option of early release violates his constitutional protection against cruel and unusual punishment. In addressing this argument, the Supreme Court wrote:

> The jury convicted Lloyd of Criminal Racketeering, Conspiracy to Commit Criminal Racketeering, Conspiracy to Deal Cocaine, Money Laundering, Conspiracy to Commit Money Laundering, and Attempting to Evade or Defeat Tax. Before imposing the sentence, the Superior Court addressed Lloyd directly and explained its sentence as follows:
>
> > I did preside over the trial, so I'm familiar with the facts in the case, and to [Lloyd's counsel's] words, there are a lot of blurring of facts and responsibilities and involvement, but the bottom line is that the State prove[d] there is beyond a reasonable doubt ne large sprawling – I'll call it dangerous racketeering enterprise. And I say "dangerous" because so many drugs were involved, and when we speak of victims, who knows who could ever guess ow many victims there were of either becoming addicted, or aggravating their addiction, of persons who were addicted committing crimes. It's just a great big tangled kind of web, these drug operations . . . were talking not just about crime, but the business of crime.
>
> ***

---

[3] *State of Delaware v. David T. Yarborough*, 2020 WL 502386, at *3 (Del. Super. Jan. 30, 2020) (quotations omitted) (citing *Brittingham*, 705 A.2d at 578).

You made the choice after serving a 14 year Federal sentence for re-engaging in the drug racketeering business. And as [the State] pointed out, it preceded your going back into prison for a relatively short Violation of Probation stay.

\*\*\*

What's most concerning to [the court], … is after you served a lengthy prison sentence… for a drug charge, you came back, and you made the voluntary decision to reimmerse yourself into the drug world.

\*\*\*

Here, a 14-year sentence didn't get that message to you, and if one of the functions of a sentence is to keep the streets of Delaware and elsewhere safe, it's to put behind bars and into jail people who might be likely to re-offend when they get out.[4]

The judge also observed that Lloyd was "highly, highly involved, if not a kingpin in this."[5]

*Eric C. Lloyd v. State of Delaware*, 2011 WL 1163917, at 31-33 (Del. 2021).

5.     The above passages clearly contain the sentencing Judge's reasons for the imposition of Section 4204(k) to the crimes of Racketeering and Tax Offense. While Defendant is correct that the reasons for imposing Section 4204(k) are not contained within the four corners of the Sentencing Order this omission, in and of itself, does not result in an illegal sentence.[6] So long as the reasons for the

---

[4] App. To Opening Br. At A1503-06.
[5] *Id.*
[6] *Dwayne White v. State of Delaware*, 243 A.3d 381, 412 (Del. 2020); *Brandon S. Gibson v. State of Delaware*, 2020 WL 7213227 (Del. 2020); *Melvin D. Mayes v. State of Delaware*, 604 A.2d 839 (Del. 1992); *Bryan Brochu v. State of Delaware*, 2016 WL 690650 (Del. 2016).

4

sentence can be determined from the entirety of the record – particularly from oral statements made by the judge at sentencing, like those which the Supreme Court quoted in its decision on Lloyd's direct appeal – the sentence will stand.[7]

6.     SENTAC's guidelines are not per se mandatory. The purpose behind SENTAC policies 29 and 30 is to provide sufficient information for the Supreme Court be too able to carry out its appellant function in reviewing the sentence.[8] Under well settled Delaware law the Supreme Court's review of a sentence of this Court is limited. The review is limited to whether: (1) the basis of the sentence is constitutional; (2) the factual predicates are false, impermissible, or lack the minimum reliability; (3) the sentence is the result of judicial vindictiveness, bias, the product of a judicial officer's closed mind; and (4) there some any other illegality.[9]

7.     The Delaware Supreme Court reviewed the sentence in this case. Its decision makes it plain that it had no difficulty carrying out its review of the sentence. Implicit in the Supreme Court's decision on the direct appeal is that the explanation by the Sentencing Judge was sufficient to allow the Supreme Court to complete the review it was required to conduct. In other words, the Sentencing

---

[7] *Dwayne White v. State of Delaware*, 243 A.3d 381, (Del. 2020); *Frank Davenport v. State of Delaware*, 2016 WL 6146171 (Del. 2016); *Bryan Brochu v. State of Delaware*, 2016 WL 690650 (Del. 2016).
[8] *Dwayne White v. State of Delaware*, 243 A.3d 381, (Del. 2020), footnote 158.
[9] *Michael F. Siple v. State of Delaware*, 701 A.2d 79 (Del. 1997); *Luis Morales v. State of Delaware*, 696 A.2d 390 (Del. 1997).

Judge's words at the time of sentencing was a sufficient explanation for the imposition of section 4204(k).

WHEREFORE, Defendant's Motion for Correction of an Illegal Sentencing be and hereby is DENIED this 10th day of June, 2021.

**IT IS SO ORDERED.**

/S/ *Francis J. Jones, Jr.*

Francis J. Jones, Jr. Judge

cc:  Original to the Prothonotary
     Mark Denney, Jr., Deputy Attorney General